### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SAMUEL KATZ, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| AMERICAN ADVISORS GROUP, INC., | : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : | |

Plaintiff Samuel Katz (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by American Advisors Group to market its services through the use of telemarketing calls to individuals who listed their telephone numbers

on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of American Advisors Group's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by American Advisors Group makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Samuel Katz and at all times mentioned herein is an individual residing in Arkansas.

5. Defendant American Advisors Group, Inc. is a California corporation that is registered to do business in Florida.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over American Advisors Group because the company makes telemarketing calls from this District and is registered to do business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were from this District.

## TCPA BACKGROUND

<u>The National Do Not Call Registry</u>

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

12. Defendant American Advisors Group is a "person" as the term is defined by 47 U.S.C. § 153(39).

13. The Plaintiff's phone number, (305) 363-XXXX, has been on the National Do Not Call Registry since December 9, 2017.

14. The number is used by the Plaintiff for personal purposes.

15. The number is not associated with a business.

16. At no point has Plaintiff sought out or solicited information regarding Defendant American Advisors Group's services.

17. Despite this, the Plaintiff has repeatedly received calls from American Advisors Group.

18. The Plaintiff received calls American Advisors Group on August 19 and August 20, 2021.

19. He received three calls on August 19, 2021 and two calls on August 20, 2021.

20. Two of the calls on August 19 came from Caller ID (754) 336-7866.[1]

21. Indeed, NoMoRobo, who won the FTC's competition for tracking robocalls, as a "robocaller", has reported that Caller ID as a "robocaller"..

https://www.nomorobo.com/lookup/754-336-7866

22. The other three calls came from (305) 722-3556.[2]

23. The calls were made to offer American Advisor Group's mortgage services.

24. On the August 19, 2021 calls, the "customer service" department from American Advisor Group contacted him regarding a reverse mortgage loan.

25. They asked for Mr. Katz to contact them at 866-753-6306.

26. That is a telephone number that American Advisor Group uses to market its services.

27. Mr. Katz received similar calls the next day on August 20, 2021.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

---

[1] 754 is an area code associated with Broward County, Florida.
[2] 305 is an area code associated with Miami-Dade County, Florida.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial (5) where the Defendant called the phone number after it was obtained from the same or a similar source.

### Numerosity

30. Members of the Class are so numerous that their individual joinder is impracticable.

31. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

32. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

34. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

35. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act by contacting numbers on the National Do Not Call Registry and whether Class Members are entitled to statutory damages for the violations.

### Typicality

36. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

37. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

38. Plaintiff and his counsel will fairly and adequately protect the interests of Class Members.

### Superiority

39. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

40. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

41. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

42. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

43. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

44. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

45. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47. The Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

49. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: December 9, 2021

PLAINTIFF, on behalf of himself
and others similarly situated,

 /s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Counsel for Plaintiff and the putative class*